IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION

| | | |
|---|---|---|
| International Transport & Construction, LLC, | ) ) ) | Case No. 0:26-cv-01287-JDA |
| Plaintiff, | ) ) ) | **OPINION AND ORDER** |
| v. | ) ) | |
| Peterbilt of Knoxville, Inc., | ) ) | |
| Defendant. | ) | |

This matter is before the Court on Plaintiff's motion to remand the action to the Richland County Court of Common Pleas.  [Doc. 16.]  For the reason stated herein, the Court denies the motion.

## BACKGROUND

Plaintiff initiated this action on September 26, 2025, in the Fairfield County Court of Common Pleas.  [Doc. 1-1.]  On March 10, 2026, venue was transferred to the Richland County Court of Common Pleas.  [Doc. 1-4.]  Defendant removed the action to this Court on March 25, 2026, on the basis of diversity jurisdiction.  [Doc. 1.]

On April 8, 2026, the Court issued an Order to Show Cause why the Court should not remand the action for lack of subject matter jurisdiction.  [Doc. 8.]  Defendant filed a response, and Plaintiff filed a reply.  [Docs. 9; 13.]  On April 24, 2026, the Court issued a Text Order concluding that the amount-in-controversy requirement was satisfied and that the Court possessed diversity jurisdiction pursuant to 28 U.S.C. § 1332.  [Doc. 15.]

Initially, the Court's aforementioned Order to Show Cause expressed skepticism "that Defendant timely removed the action in accordance with 28 U.S.C. § 1441."  [Doc. 22 at 1 n.2 (internal quotation marks omitted).]  However, the Court immediately modified the

Order to address only the amount-in-controversy issue, as "a district court is prohibited from remanding a case *sua sponte* based on a procedural defect absent a motion to do so from a party." *Ellenburg v. Spartan Motors Chassis*, 519 F.3d 192, 198 (4th Cir. 2008); [*see* Docs. 8; 15.]  The parties nevertheless briefed the timeliness issue.  [*See* Docs. 9; 13.]

On May 1, 2026, Plaintiff filed a formal motion to remand on timeliness grounds. [Doc. 16.]  Defendant argues that Plaintiff's motion should be denied because it was filed outside 28 U.S.C. § 1447(c)'s 30-day window.  [Doc. 21.]  Plaintiff contends that the doctrine of equitable tolling should apply, as "Plaintiff timely attempted to place the timeliness of Defendant's removal before the [C]ourt" in its reply to the Order to Show Cause dated April 17, 2026.  [Doc. 22 at 3.]

## APPLICABLE LAW

"A defendant or defendants desiring to remove any civil action from a State court shall file in the district court of the United States for the district and division within which such action is pending a notice of removal signed pursuant to Rule 11 of the Federal Rules of Civil Procedure and containing a short and plain statement of the grounds for removal, together with a copy of all process, pleadings, and orders served upon such defendant or defendants in such action."  28 U.S.C. § 1446(a).  "The notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant . . . of a copy of the initial pleading setting forth the claim for relief . . . ."  28 U.S.C. § 1446(b)(1).  However, with an exception not applicable here, "if the case stated by the initial pleading is not removable, a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading,

motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b)(3).

Finally, "[a] motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction [e.g., timeliness of removal] must be made within 30 days after the filing of the notice of removal under section 1446(a)." 28 U.S.C. § 1447(c).

## DISCUSSION

**Timeliness of Plaintiff's Motion to Remand**

As an initial matter, the Court need not address Defendant's arguments regarding the timeliness of Plaintiff's motion to remand or Plaintiff's arguments regarding equitable tolling. [*See* Docs. 21; 22.] Even assuming Plaintiff's motion to remand was timely filed,[1] the Court denies the motion.

**Timeliness of Defendant's Notice of Removal**

Turning to the substance of the motion to remand, Plaintiff argues that the initial pleadings, served on November 4, 2025, "put Defendant on reasonable notice that the amount in controversy would exceed $75,000.00." [Doc. 16 at 3.] In Plaintiff's estimation, Defendant's deadline to file its notice of removal was December 4, 2025.

---

[1] Defendant is correct that, pursuant to § 1447(c), "remand [based on a procedural defect] may only be effected by a timely motion." *Ariel Land Owners, Inc. v. Dring*, 351 F.3d 611, 613 (3d Cir. 2003). That said, the Court understands Plaintiff's reply to the Order to Show Cause—filed after the Court modified the Order to address only the amount-in-controversy issue—to contain an explicit remand request based on the purported untimeliness of Defendant's notice of removal. [*See* Doc. 13 at 4 ("Plaintiff respectfully requests this Court remand this matter to the Richland County Court of Common Pleas for adjudication as a result of Defendant's untimely filing.").] Plaintiff made this request on April 17, 2026, 23 days after Defendant filed its notice of removal and within § 1447(c)'s 30-day window. [*Id.*]

Defendant argues that it "was unsure if the amount in controversy amount was met" at the time of service, as the Complaint alleges only "$26,000 in repair costs as actual damages in addition to other unquantified damages." [Doc. 9 at 1.] Defendant states that it first learned the action was removable on March 5, 2026, when it received Plaintiff's answers to Defendant's requests to admit and a spreadsheet itemizing Plaintiff's alleged actual damages. [*Id.* at 2.] In Defendant's estimation, Defendant's deadline to file its notice of removal was April 4, 2026.

According to the Complaint, Plaintiff allegedly suffered damages including "[l]oss of income from October 2023 to June 2024," "[r]epair costs exceeding $26,000," "[a]dditional expenses for oil and parts," and "[e]motional distress and undue hardship." [Doc. 1-1 at 2.] The Complaint seeks compensatory damages, punitive damages, attorneys' fees and costs, and "any other relief that this Court deems just and proper." [*Id.*]

The Court agrees with Defendant that these allegations do not establish that the amount in controversy exceeds $75,000. While it is true that "claims for punitive damages must be included in the calculation of the amount in controversy," *Mattison v. Wal-Mart Stores, Inc.*, No. 6:10-cv-01739-JMC, 2011 WL 494395, at *2 (D.S.C. Feb. 4, 2011) (internal quotation marks omitted), "courts in this district have established that the mere existence of a claim for punitive damages will not establish to a legal certainty or reasonable probability that the amount in controversy exceeds $75,000," *SNB Props. v. CMH Homes, Inc.*, No. 1:22-cv-02158-SAL, 2022 WL 17976781, at *3 (D.S.C. Dec. 28, 2022) (internal quotation marks omitted) (collecting cases). The same is true for a claim for attorneys' fees. *Auto Money N. LLC v.* Walters, 737 F. Supp. 3d 330, 344 & n.12

4

(D.S.C. 2024).   Because the amount of Plaintiff's actual and punitive damages—excepting $26,000 in repair costs—are not specified in the Complaint, the action did not appear removable at the time of service.  *See SNB Props.*, 2022 WL 17976781, at *3–4 (determining that $23,500 in actual damages and an indeterminate request for punitive damages did not demonstrate that the amount in controversy exceeded $75,000).

As previously discussed, Defendant cites Plaintiff's March 5, 2026 answers to Defendant's requests to admit as evidence that the amount in controversy exceeds $75,000.  However, it is well established that "[a] plaintiff's refusal to stipulate to maximum damages does not establish that the claim exceeds $75,000."  *Bishop v. Halpin*, No. 2:22-cv-02871-DCN, 2022 WL 17261400, at *3 (D.S.C. Nov. 29, 2022) (internal quotation marks omitted); *see id.* ("[T]o hold removal is proper when a plaintiff refuses to stipulate to a cap on damages would be in disagreement with the long established presumption that remand is proper when removal is questionable." (internal quotation marks omitted)).

That said, Defendant also cites a March 5, 2026 spreadsheet itemizing Plaintiff's actual damages in the amount of $215,193.37.  [Docs. 9 at 2; 9-2.]  The Court concludes that this document may serve as an "other paper" for purposes of § 1446(b)(3).  *See Montgomery v. New Cingular Wireless PCS, LLC*, No. 2:16cv109, 2016 WL 3190484, at *2 (E.D. Va. June 6, 2016) ("The 'other paper' that may provide a defendant with information to support removal pursuant to section 1446(b)(3) has been interpreted broadly and may include any formal or informal communication received by a defendant. . . . [C]ourts may rely on the face of the initial pleading and on the documents exchanged in the case by the parties to determine when the defendant had notice of the grounds for removal, requiring that those grounds be apparent within the four corners of

the initial pleading or subsequent paper.") (cleaned up).  Defendant discovered that the case was removable when it received Plaintiff's itemized list of damages on March 5, 2026, making Defendant's removal deadline April 4, 2026.  Defendant removed the case on March 25, 2026, within § 1446's 30-day window.  Therefore, Defendant's notice of removal was timely.

## CONCLUSION

Based on the foregoing, Plaintiff's motion to remand based on untimeliness [Doc. 16; *see also* Doc. 13] is DENIED.

IT IS SO ORDERED.

s/Jacquelyn D. Austin
United States District Judge

July 7, 2026
Columbia, South Carolina

6