IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION

| | |
|---|---|
| International Transport & Construction, LLC, Plaintiff, v. Peterbilt of Knoxville, Inc., Defendant. | Case No. 0:26-cv-01287-JDA **OPINION AND ORDER** |

This matter is before the Court on Plaintiff's motions (1) for reconsideration of the Court's Order denying Plaintiff's motion to remand and (2) to amend/correct the Complaint. [Docs. 25; 26.] For the reasons stated herein, the Court denies the motion for reconsideration and grants the motion to amend.

## BACKGROUND

Plaintiff initiated this action on September 26, 2025, in the Fairfield County Court of Common Pleas. [Doc. 1-1.] On March 10, 2026, venue was transferred to the Richland County Court of Common Pleas. [Doc. 1-4.] Defendant removed the action to this Court on March 25, 2026, on the basis of diversity jurisdiction. [Doc. 1.]

On April 8, 2026, the Court issued an Order to Show Cause why the Court should not remand the action for lack of subject matter jurisdiction. [Doc. 8.] Defendant filed a response, and Plaintiff filed a reply. [Docs. 9; 13.] On April 24, 2026, the Court issued a Text Order concluding that the amount-in-controversy requirement was satisfied and that the Court possessed diversity jurisdiction pursuant to 28 U.S.C. § 1332. [Doc. 15.]

Initially, the Court's aforementioned Order to Show Cause expressed skepticism "that Defendant timely removed the action in accordance with 28 U.S.C. § 1441." [Doc. 22 at 1 n.2 (internal quotation marks omitted).] However, the Court immediately modified the Order to address only the amount-in-controversy issue, as "a district court is prohibited from remanding a case *sua sponte* based on a procedural defect absent a motion to do so from a party." *Ellenburg v. Spartan Motors Chassis*, 519 F.3d 192, 198 (4th Cir. 2008); [*see* Docs. 8; 15.] The parties nevertheless briefed the timeliness issue. [*See* Docs. 9; 13.]

On May 1, 2026, Plaintiff filed a motion to remand on timeliness grounds. [Doc. 16.] On July 7, 2026, the Court denied the motion, concluding that Defendant's notice of removal was timely filed because Defendant removed the case within 30 days of its receipt of an "other paper" indicating that the amount in controversy exceeded $75,000 (the "July Order"). [Doc. 24.] On July 21, 2026, Plaintiff filed a motion for reconsideration of the July Order and a motion to amend the Complaint. [Docs. 25; 26.] The motions are fully briefed and ripe for review. [Docs. 30; 31.]

## APPLICABLE LAW

### Rule 54(b) Standard

Rule 54(b) of the Federal Rules of Civil Procedure governs the Court's reconsideration of interlocutory orders. Fed. R. Civ. P. 54(b). Where a district court issues an interlocutory order "that adjudicates fewer than all the claims," the court retains discretion to revise such an order "at any time before the entry of a judgment adjudicating all the claims." *Id*. "Compared to motions to reconsider *final* judgments pursuant to Rule 59(e) . . ., Rule 54(b)'s approach involves broader flexibility to revise *interlocutory* orders

before final judgment as the litigation develops and new facts or arguments come to light." *Carlson v. Boston Sci. Corp.*, 856 F.3d 320, 325 (4th Cir. 2017). The discretion Rule 54(b) provides, however, is not limitless. *Id*. "[C]ourts have cabined revision pursuant to Rule 54(b) by treating interlocutory rulings as law of the case." *Id*. "The law-of-the case doctrine provides that in the interest of finality, when a court decides upon a rule of law, that decision should continue to govern the same issues in subsequent stages in the same case." *Id*. (internal quotation marks omitted). "Thus, a court may revise an interlocutory order under the same circumstances in which it may depart from the law of the case: (1) a subsequent trial producing substantially different evidence; (2) a change in applicable law; or (3) clear error causing manifest injustice." *Id*. (cleaned up). "This standard closely resembles the standard applicable to motions to reconsider final orders pursuant to Rule 59(e), but it departs from such standard by accounting for potentially different evidence discovered during litigation as opposed to the discovery of new evidence not available at trial." *Id*. (internal quotation marks omitted). Regarding the clear-error ground, "a prior decision does not qualify for the third exception by being just maybe or probably wrong; it must strike [the Court] as wrong with the force of a five-week-old, unrefrigerated dead fish." *U.S. Tobacco Coop. Inc. v. Big S. Wholesale of Va., LLC,* 899 F.3d 236, 258 (4th Cir. 2018) (cleaned up).

**Rule 15 Standard**

A party may amend its pleading once before trial as a matter of course under circumstances not applicable here, Fed. R. Civ. P. 15(a)(1), and "[i]n all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave," Fed. R. Civ. P. 15(a)(2). "The court should freely give leave when justice so

requires." *Id.* "A district court may deny a motion to amend when the amendment would be prejudicial to the opposing party, the moving party has acted in bad faith, or the amendment would be futile." *Equal Rights Ctr. v. Niles Bolton Assocs.*, 602 F.3d 597, 603 (4th Cir. 2010); *see Foman v. Davis*, 371 U.S. 178, 182 (1962) (noting that leave to amend may be denied for "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.").

## DISCUSSION

### Plaintiff's Motion for Reconsideration

Plaintiff does not argue that this matter involves substantially different evidence or a change in applicable law. [*See generally* Doc. 25.] Accordingly, the Court need only decide whether it committed a clear error causing manifest injustice. To this end, Plaintiff contends that the Court erroneously imposed a "legal certainty" standard on the Plaintiff and that the initial Complaint provided adequate notice that the amount in controversy exceeded $75,000. [*Id.* at 4–9.] In response, Defendant contends that the Court applied the correct legal standard by asking whether the initial Complaint appeared removeable on its face. [Doc. 30 at 3–4.] The Court agrees with Defendant.

Under 28 U.S.C. § 1446(b), the 30-day removal clock begins to run when a defendant receives a pleading, motion, or other paper from which it may first be ascertained that the case is one which is or has become removable. To determine when the defendant had notice of the grounds for removal, courts should not inquire into the subjective knowledge of the defendant but instead should "rely on the face of the initial

pleading and on the documents exchanged" by the parties. *Lovern v. Gen. Motors Corp.*, 121 F.3d 160, 162 (4th Cir. 1997). That is, the 30-day removal period under § 1446(b)(1) "starts to run from defendant's receipt of the initial pleading *only when that pleading affirmatively reveals on its face that the plaintiff is seeking damages in excess of the minimum jurisdictional amount of the federal court*." *Chapman v. Powermatic, Inc.*, 969 F.2d 160, 163 (5th Cir. 1992) (emphasis added); *id.* ("[A rule requiring removal based on an indeterminate initial pleading] would encourage defendants to remove prematurely cases in which the initial pleading does not affirmatively reveal the amount in controversy is in excess of [$75,000] so as to be sure that they do not accidentally waive their right to have the case tried in federal court. We believe the better policy is to focus the parties' and the court's attention on what the initial pleading sets forth, by adopting a bright line rule requiring the plaintiff, if he wishes the thirty-day time period to run from the defendant's receipt of the initial pleading, *to place in the initial pleading a specific allegation that damages are in excess of the federal jurisdictional amount*." (emphasis added)); *see also Masters v. Lin,* No. 6:14-2473-TMC, 2015 WL 12830505, at *4 n.8 (D.S.C. Jan. 23, 2015) ("In [*Lovern*, 121 F.3d at 162], the Fourth Circuit adopted a test consistent with the first holding in *Chapman*, namely that under 28 U.S.C. § 1446(b)(1) a court can limit its inquiry to the four corners of the pleadings."); *Gillen v. Wal-Mart Stores, Inc.*, No. 3:06-358-MJP, 2006 WL 8444319, at *4 (D.S.C. May 1, 2006) ("[T]he Fourth Circuit clearly follows the Fifth Circuit's interpretation of § 1446(b) as set forth in *Chapman*. This fact makes *Chapman* particularly persuasive, if not controlling, authority with regard to the pending motion. The plaintiff's [c]omplaint does not request a specific amount of damages. Thus, the four corners of the [c]omplaint [do] not expressly reveal

whether the jurisdictional amount threshold was met, and the thirty-day time period for removal did not begin to run when [the defendants] received that initial pleading. The absence of a specific damages amount in the Complaint took this case beyond the scope of the first paragraph of § 1446(b)."); *Bullard v. Allstate Ins.*, No. C-06-05550 RMW, 2006 WL 3734359, at *3 (N.D. Cal. Dec. 18, 2006) ("[C]ourts have found that an amount in controversy was not obviously over the jurisdictional amount, even where the complaint specifically pled $56,500 in contract damages plus an unspecified amount of attorneys fees and punitive damages.").

In the July Order, the Court detailed the Complaint's allegations concerning the amount in controversy: Plaintiff allegedly suffered damages including "'[l]oss of income from October 2023 to June 2024,' '[r]epair costs exceeding $26,000,' '[a]dditional expenses for oil and parts,' and '[e]motional distress and undue hardship.'" [Doc. 24 at 4 (quoting Doc 1-1 at 2).] In addition, the Court noted that the Complaint contained indeterminate requests for compensatory damages, punitive damages, and attorneys' fees and costs. [*Id.*] The Court then correctly concluded that the Complaint's facial allegations "[did] not establish that the amount in controversy exceed[ed] $75,000" and that the action did not appear removeable at the time of service because "the amount of Plaintiff's actual and punitive damages—excepting $26,000 in repair costs—[were] not specified in the Complaint." [*Id.*] That is, because Plaintiff's initial Complaint did not contain allegations indicating that damages were in excess of the federal jurisdictional amount, the removal clock was not triggered until Defendant received a copy of an "other paper" from which it first became ascertainable that the case was removable.

Plaintiff mistakenly argues that the Court improperly imposed a "legal certainty" standard upon the Plaintiff. On the contrary, the Court included citations to *SNB Props. v. CMH Homes, Inc.,* No. 1:22-cv-02158-SAL, 2022 WL 17976781 (D.S.C. Dec. 28, 2022) and *Auto Money N. LLC v. Walters,* 737 F. Supp. 3d 330 (D.S.C. 2024) for the proposition that indeterminate claims for punitive damages and attorneys' fees do not automatically render a case removeable. [Doc. 24 at 5.] The Court did not reference the aforementioned cases to state the applicable standard concerning the timeliness of removal under § 1446(b). *See Allen v. Bulk Logistics, Inc.*, 485 F. Supp. 3d 691, 694 (S.D. Miss. 2020) ("A 'timeliness dispute' occurs when the defendant does not remove during the initial thirty-days after receiving the initial pleading, but rather removes under § 1446(b)(3) within thirty days of receiving some amended pleading or 'other paper.' In this type of dispute, the plaintiff objects, arguing that it was clear from the initial pleading that the case was removable, which makes the defendant's removal untimely. The type of dispute is important because different standards apply to [amount-in-controversy disputes and timeliness disputes]." (citation omitted)); *id.* at 695–96 ("Under *Chapman*'s bright line rule, what must appear on the face of the complaint is a specific allegation that conveys that the damages exceed $75,000 in order to trigger the removal clock upon receipt of the pleading. [The plaintiff] is correct that he is not required to plead an actual dollar amount in his complaint, but . . . there needs to be some sort of allegation that the damages exceed the jurisdictional limit."); *Kuxhausen v. BMW Fin. Servs. NA LLC*, 707 F.3d 1136, 1141 n.3 (9th Cir. 2013) ("[W[hether a defendant can establish that federal jurisdiction exists and the question of when the thirty-day time period begins are not two sides of the same coin.").

In summary, the Court applied the correct legal framework, and the July Order contained no clear error of law causing manifest injustice. Accordingly, Plaintiff's motion for reconsideration is denied.

**Plaintiff's Motion to Amend**

Defendant consents to Plaintiff's motion to amend. [Doc. 31.] Accordingly, the requirements of Rule 15 are satisfied, and the Court grants Plaintiff's motion. Plaintiff shall file its amended Complaint on or before December 7, 2026.

## CONCLUSION

Based on the foregoing, Plaintiff's motion for reconsideration of the July Order is DENIED. Plaintiff's motion to amend the Complaint is GRANTED. Plaintiff shall file its amended Complaint on or before December 7, 2026.

IT IS SO ORDERED.

s/Jacquelyn D. Austin
United States District Judge

November 23, 2026
Columbia, South Carolina